UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WILLIAMS, JR., | No. 2:19-cv-00379 KJM GGH P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| M.E. SPEARMAN, Warden, | |
| Respondent. | |

*Introduction*

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c). Pending before the court is respondent's motion to dismiss on the ground that petitioner is barred by the one-year state of limitations pursuant to 28 U.S.C. § 2244(d). ECF No. 11. Petitioner has filed an opposition arguing equitable tolling. ECF No. 21. Respondent has filed a reply. ECF No. 22. After carefully reviewing the filings, the court now recommends that the motion be granted.

*Procedural Background*

    On December 13, 2013, petitioner was convicted by jury in Sacramento County Superior Court of first-degree murder with lying in wait and active participation in a street gang special circumstances and attempted premediated murder. ECF No. 12-1. Petitioner was sentenced to an

1

indeterminate term of 32 years to life. Id. Petitioner appealed to the California Court of Appeal, Third Appellate District. On September 29, 2015, the California Court of Appeal remanded the case for resentencing and otherwise affirmed the judgment. ECF No. 12-2. On October 29, 2015, petitioner appealed to the California Supreme Court. ECF No. 12-3. The petition was denied on January 13, 2016. ECF No. 12-4. On April 8, 2016, the Sacramento County Superior Court resentenced petitioner pursuant to the Court of Appeal's September 29, 2015 decision. ECF No. 12-5. Petitioner did not appeal.

Petitioner filed the instant federal habeas petition on February 7, 2019.[1] ECF No. 1.

*Legal Standards*

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). Pursuant to 28 U.S.C. § 2244(d)(1), AEDPA imposes a one-year statute of limitations for federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1) provides, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

---

[1] The court affords petitioner application of the mailbox rule as to petitioner's habeas filings in state court and federal court. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

2

Petitioner's conviction became final pursuant to 28 U.S.C. § 2244(d)(1)(A) on June 7, 2016, 60 days after the amended judgment of conviction was rendered and sentence imposed. Cal. R. Ct. 8.308(a) (A notice of appeal must be filed within 60 days after the judgment or order appealed). The AEDPA one-year statute of limitations period began to run one day later, on June 8, 2016. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Therefore, absent applicable tolling, petitioner had until June 7, 2017, that is one year after the finality of conviction, to file a timely federal petition. Petitioner's instant federal petition filed on February 7, 2019 is barred as untimely unless petitioner is entitled to statutory or equitable tolling. Petitioner does not argue he is entitled to statutory tolling, only equitable tolling. ECF No. 1 at 14-20; ECF No. 21.

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing. See Holland v. Florida, 560 U.S. 631, 649 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." See Holland, 560 U.S. at 653. See also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness. See Bills, supra, 628 F.3d at 1097 (citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)). This is a very high threshold, "lest the exception swallow the rule." See Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). In addition, " '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.' " Loft v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). Determining whether equitable tolling is warranted is a "fact-specific inquiry." Spitsyn, 345 F.3d at 799 (citing Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)).

////

////

Petitioner contends equitable tolling is applicable for the relevant limitations period based on the following two grounds: (1) petitioner's placement in administrative segregation and lack of access to his legal materials; and (2) petitioner's mental impairment.

*Discussion*

1. Placement in Administrative Segregation

    *The Petition Is Untimely Even Applying Equitable Tolling*

First, petitioner claims he is entitled to equitable tolling for periods he was placed in administrative segregation and had no access to his personal property and legal documents. ECF No. 21 at 4-5. In his declaration, petitioner declares he is entitled to tolling for the four time periods he was in administrative segregation between June 8, 2016 to July 5, 2016 (28 days);[2] August 14, 2016 to September 8, 2016 (26 days); November 23, 2016 to April 5, 2017 (134 days); and July 14, 2017 to May 3, 2018 (294 days). ECF No. 21 at 7-9. Petitioner further alleges that he "was also not issued his personal property and legal documents for approximately 3 weeks (21 days) each time released from ad-seg" (84 days). Id. at 5; see also id. at 9 ¶20.

Even assuming the veracity of petitioner's contentions, and that petitioner is entitled to equitable tolling during those periods, petitioner's federal habeas petition would still be considered untimely. The undersigned provides the following breakdown of petitioner's requested time periods for equitable tolling:

- The AEDPA statute of limitations began to run on June 8, 2016. However, according to petitioner, he was already placed and was not released from administrative segregation until July 5, 2016. Thus, **0 days of the AEDPA limitations period had expired.**

- Granting petitioner 21 days after July 5, 2016, the running of the limitations period commenced the next day on July 27, 2016 until petitioner was again placed in

---

[2] Petitioner seeks tolling for the time period between February 27, 2016 to July 5, 2016 when he was placed and subsequently released from administrative segregation. ECF No. 21 at 7-8. However, petitioner's limitations period did not commence until June 8, 2016. Accordingly, the undersigned will only address requests for tolling relevant to the limitations period.

4

administrative segregation on August 14, 2016.   Thus, **18 days of the AEDPA limitations period had expired**.

- From August 14, 2016 to September 8, 2016, the time petitioner was in administrative segregation, 0 days of the limitations period had expired. Granting petitioner 21 days after his release from administrative segregation, the AEDPA limitations period commenced the next day on September 30, 2016.  Petitioner was not placed in administrative segregation again until November 23, 2016. Thus, an additional **54 days had expired** with a **cumulative total of 72 days of the AEDPA limitation period having expired.**

- From November 23, 2016 to April 5, 2017, the time petitioner was in administrative segregation, 0 days of the limitations period had expired. Granting petitioner 21 days after his release from administrative segregation, the AEDPA limitations period commenced the next day on April 27, 2017. Petitioner was not placed in administrative segregation again until July 14, 2017. Thus, an additional **78 days had expired** with a **cumulative total of 150 days of the AEDPA limitation period having expired.**

- From July 14, 2017 to May 3, 2018, the time petitioner was in administrative segregation, 0 days of the limitations period had expired. Granting petitioner 21 days after his release from administrative segregation, the AEDPA limitations period commenced the next day on May 25, 2018. There were no more placements in administrative segregation from this time period to the filing date of petitioner's federal habeas petition on February 7, 2019. Thus, an additional **258 days had expired** with a **408 cumulative total of days of the AEDPA limitation period having expired.**

Counting backwards from 408 days (February 7, 2019) to 365 days, which would have been the last day to file within the AEDPA statute of limitations period (and for which no "ad seg

5

plus" equitable tolling existed at all between Feb 7, 2019 and the 365th day), December 27, 2018 is the day the AEDPA limitations expired: i.e., from Feb. 7 to Jan 1, 2019, 38 days expired leaving the AEDPA cumulative day count as 370; going back 5 more days brings December 27, 2018 as the 365th day. Therefore, petitioner would have had to file his federal habeas petition on December 27, 2018 to be timely.

Petitioner's February 7, 2019 is accordingly untimely, even if the court was generously granting petitioner's requested time periods for equitable tolling.

### *In Any Event, the Standards for Equitable Tolling Are Not Met For The Entire Period*

Moreover, in the alternative, when addressing the standards set forth in Holland, supra, 560 U.S. at 649 for establishing equitable tolling, petitioner fails to meet his burden in establishing he was pursuing his rights diligently and that some extraordinary circumstances stood in his way and prevented timely filing.

A. Diligence

For each of the time periods, petitioner presents the same set of facts: petitioner states "he was placed in administrative segregation on so many times between 2014-2018" because "CDC mental health administrator[]s placed him in DSH for evaluation, treatment and for his own safety, due to his incompetency." ECF No. 21 at 4. Throughout his placement in administrative segregation, petitioner states he "was not allowed access to [his] personal property and legal materials" even though petitioner "filed numerous requests for" "access to [his] personal property and legal materials, the library or any of its privileges necessary to research, photo copy, and file" his federal habeas petition. Id. at 7-8 ¶¶3-5; 8 ¶¶7-13; 9 ¶¶15-18. Petitioner alleges he has made "a prima facie case showing" sufficient to necessitate a hearing to develop the factual record to determine whether he is eligible for equitable tolling within the requested time periods. Id. at 5.

Petitioner, however, fails to provide specificity as to his each of his efforts or attempts to access his legal documents in order to prepare his federal habeas petition. Instead, petitioner claims sweepingly broad assertions as to his efforts to prepare and file a federal habeas petition during his placement and release from administrative segregation. Even assuming the veracity of petitioner's contentions as to his efforts for the time periods in administrative segregation and his

6

lack of access to his legal documents during said time, petitioner does not address why he was unable to work on and file his federal habeas petition after his release and before his subsequent placements in administrative segregation at various times throughout the relevant limitations period. As seen from the calculations above, petitioner had time in which to work on his petition, yet he did not.

Equitable tolling is "highly fact-dependent" and petitioner "bears the burden of showing that equitable tolling is appropriate." Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal quotation marks and citations omitted). Here, petitioner fails to establish reasonable diligence. Petitioner does not provide any facts or evidence to demonstrate what steps were taken to diligently pursue his federal habeas petition after each of his releases from segregation and receipt of his legal documents. Roy v. Lampert, 465 F.3d 964, 972 (9th Cir. 2006) (Addressing it was "important that [petitioners] pursued their claims within a reasonable period of time *before* the external impediment" "came into existence.") Moreover, there is nothing to suggest that petitioner's federal habeas petition contained complex issues of law that required extensive legal research and writing. On the contrary, petitioner's federal habeas petition is nearly identical to the grounds raised in his state court petitions. Accordingly, even assuming petitioner's allegations are truthful and accurate, petitioner fails to take into account and prove, that during the time periods when was in segregation and the time periods in between his placement in administrative segregation, he was pursing his rights diligently.

### B. Extraordinary Circumstance

Secondly, even assuming petitioner could establish reasonable diligence, petitioner fails to show that an "extraordinary circumstance" prevented him from timely filing his federal habeas petition. Although the Ninth Circuit has recognized that placement in administrative segregation may constitute an "extraordinary circumstance," see Espinoza-Matthews, supra, 432 F.3d at 1027, petitioner does not specify the obstacles that prevented him after each of his releases from administrative segregation, nor efforts he took during his time during administrative segregation to request his legal documents. Petitioner has failed to meet his burden in showing that he is entitled to equitable tolling.

Accordingly, the undersigned recommends denying petitioner's equitable tolling based on his placement in administrative segregation and his lack of access to his personal property and legal documents.

2. Mental Impairment

Lastly, petitioner generally claims his mental impairment entitles him to equitable tolling. Petitioner asserts he was a patient in a California Department State Hospital for a few days "which effectively foreclosed any chance of him filing a federal habeas petition at that time due to his di[a]gnosis, medication, etc." ECF No. 21 at 4. He generally claims that his mental condition (whatever it is) over the entire period at question led to his stays in administrative segregation and should constitute an equitable excuse over the entire time period.

Under limited circumstances, a petitioner's mental impairment may represent an extraordinary circumstance warranting equitable tolling for the period he was incompetent. Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003). The Ninth Circuit in Bills determined a two-part test to determine whether equitable tolling applies in cases where petitioner suffers from a mental impairment. In Bills, the Ninth Circuit stated, in pertinent part:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, see Holland, [560 U.S. at 649,] 130 S.Ct at 2562, by demonstrating the impairment was so severe that either
>
> (a) Petitioner was unable to rationally or factually to personally understand the need to timely file, or
>
> (b) Petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. See id.

Bills, supra, 628 F.3d at 1100. "The mental impairment must be so debilitating that it is the but-for cause of the delay, and even in cases of debilitating impairment the petitioner must still demonstrate diligence." Yow Ming Yeh v. Martel, 751 F.3d 1075, 1078 (9th Cir. 2014) (citing Bills, 628 F.3d at 1100).

When evaluating whether petitioner is entitled to equitable tolling, a district court must:

> (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements.

Bills, 628 F.3d at 1100–01.

Here, petitioner has failed to make a non-frivolous showing of a mental impairment during the relevant limitations period. Petitioner has not provided specificities of his mental impairment, the timeframe in which he was affected, or any documentation to support a conclusion that petitioner is "in fact mentally impaired." Id. On the contrary, petitioner's brief allegations are vague and conclusory, and completely non-specific. Indeed, any impairment petitioner might have possessed, e.g., anti-social personality disorder, anger management issues, may well have had nothing to do with the ability to prepare and file documents. Instead, petitioner argues that once he is granted an evidentiary hearing, he will be able to prove he is entitled to equitable tolling based on his mental impairment. However, petitioner bears the burden of demonstrating a qualifying mental impairment and that he is prima facia, based on the allegations, entitled to equitable tolling in the first instance, before a district court will grant whether an evidentiary hearing is appropriate. See Bills, supra, 628 F.3d at 1100; see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (petitioner bears the burden of demonstrating grounds for equitable tolling). This, petitioner has not done.

Accordingly, the undersigned recommends denying petitioner's equitable tolling based on his mental impairment.

*Request for Factual Development*

Petitioner requests an evidentiary hearing to further develop the factual record to determines whether equitable tolling is warranted. ECF No. 21 at 4-5. In support, petitioner states "[w]hen a petitioner alleges facts that would support equitable tolling, the district court should not

////

9

dismiss it as untimely without developing the factual record." Id. at 3. Petitioner argues he has made a prima facie showing entitling him to an evidentiary hearing. Id. at 5.

A petitioner is entitled to an evidentiary hearing when he makes "a good-faith allegation that would, if true, entitle him to equitable tolling." Roy, supra, 465 F.3d at 969 (citing Laws v. Lamarque, 351 F.3d 919, 919 (9th Cir. 2003). Based on petitioner's allegations and the existing record, petitioner has not sufficiently alleged specific efforts for the entire relevant limitations period entitling him to an evidentiary hearing based on equitable tolling. Moreover, the existing record and petitioner's allegations establish that petitioner was sufficiently capable of accessing his legal documents and filing his federal habeas petition during the relevant limitations period. See Orthel v. Yates, 795 F.3d 935, 939-41 (9th Cir. 2015) (When the existing record is "amply developed," "a district court need not hold evidentiary hearings to further develop the factual record.") Accordingly, the undersigned finds petitioner is not entitled to an evidentiary hearing.

*Certificate of Appealability*

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

*Conclusion*

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 11) be GRANTED;

2. The petition be dismissed with prejudice as untimely; and

3. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 28, 2020

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE